IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
|     **Plaintiff** | § | |
| | § | |
| **VS.** | § | **CIVIL NO. 4:14-cv-0027** |
| | § | |
| | § | |
| **JOHN PARKS TRWOBRIDGE, JR.,** | § | |
| **FREEDOM VENTURES, UBO, and** | § | |
| **MONTGOMERY COUNTY TAX** | § | |
| **OFFICE,** | § | |
|     **Defendant** | § | |

## ORIGINAL ANSWER OF MONTGOMERY COUNTY TAX OFFICE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Montgomery County Tax Office ("Taxing Authorities"), and files its Original Answer to United States of America's Complaint ("Complaint") and would respectfully show the Court the following:

1. Taxing Authorities admit the Court has jurisdiction over this matter as alleged in paragraph 1 of the Complaint.

2. Taxing Authorities admit the allegations in paragraph 2 of the Complaint.

3. Taxing Authorities admit the allegations in paragraph 3 of the Complaint.

4. Taxing Authorities are without the requisite knowledge to admit or deny the allegations in paragraph 4 of the complaint, therefore they are denied.

5. Taxing Authorities are without the requisite knowledge to admit or deny the allegations in paragraph 5 of the complaint, therefore they are denied.

6. Taxing Authorities admit the allegations in paragraph 6 of the Complaint.

7. Taxing Authorities are without the requisite knowledge to admit or deny the allegations in paragraph 7 of the complaint, therefore they are denied.

8. Taxing Authorities are without the requisite knowledge to admit or deny the allegations in paragraph 8 of the complaint, therefore they are denied.

9. Taxing Authorities admit the allegations in paragraph 9 of the Complaint.

### COUNT 1 (Judgment for Outstanding Tax Liabilities)

10. Taxing Authorities are without the requisite knowledge to admit or deny the allegations in paragraph 7 and 8, as set forth by the United States and incorporated into paragraph 10, of the complaint, therefore they are denied.  Taxing Authorities admit the allegations in paragraph 9, as set forth by the United States and incorporated into paragraph 10 of the Complaint.

11. Taxing Authorities are without the requisite knowledge to admit or deny the allegations in paragraph 11 of the complaint, therefore they are denied.

### COUNT II (Foreclosure of Tax Liens)

12. Taxing Authorities are without the requisite knowledge to admit or deny the allegations in paragraphs 7 and 8, as set forth by the United States and incorporated into paragraph 12, of the complaint, therefore they are denied.  Taxing Authorities admit the allegations in paragraph 9, as set forth by the United States and incorporated into paragraph 12 of the Complaint. Taxing Authorities are not required to admit or deny the allegations in paragraph 11, as set forth by the United States and incorporated into paragraph 12 of the Complaint and therefore is denied.

13. Taxing Authorities are without the requisite knowledge to admit or deny the allegations in paragraph 13 of the complaint, therefore they are denied.

14. Taxing Authorities are without the requisite knowledge to admit or deny the allegations in paragraph 14 of the complaint, therefore they are denied.

15. Taxing Authorities are without the requisite knowledge to admit or deny the allegations in paragraph 15 of the Complaint, therefore they are denied.

16.   Taxing Authorities are without the requisite knowledge to admit or deny the allegations in paragraph 16 of the Complaint, therefore they are denied.

17. Taxing Authorities are without the requisite knowledge to admit or deny the allegations in paragraph 17 of the complaint, therefore they are denied.

18. Taxing Authorities deny the allegations in paragraph 18 of the Complaint.

WHEREFORE, PREMISES CONSIDERED, Taxing Authorities pray that the Court

a. recognize the continued existence of and validity of the tax liens securing payment of the taxes, penalties and interest assessed by Taxing Authorities on the subject property;

b. order that taxes, penalties and interest owing to the Taxing Authorities be paid from the proceeds of the sale after the expenses of preservation of the sale and prior to distribution to any other claimant; and

c. for all further relief to which Taxing Authorities may be entitled.

Respectfully Submitted,

        LORI GRUVER
        ATTORNEY FOR TAXING AUTHORITIES

By:   */s/* Lori Gruver
      LORI GRUVER
      State Bar No. 24007283
      Southern Admission No. 22963
      LINEBARGER GOGGAN
      BLAIR & SAMPSON, LLP
      P.O. Box 17428
      Austin, Texas 78760
      (512) 447-6675 (Telephone)
      (512) 693-0728 (Facsimile)

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing has been filed electronically and is to be served by electronic transmission to all parties on the court's electronic mailing matrix on February 4, 2014.

        /s/ Lori Gruver
        LORI GRUVER