IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

MAR 19 2014

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL NO. 4:14-cv-0027 |
| JOHN PARKS TROWBRIDGE, JR., FREEDOM VENTURES UBO, and MONTGOMERY COUNTY TAX OFFICE, | § § § § | |
| Defendants. | § § | |

### DEFENDANT'S OPPOSITION TO UNITED STATES' REQUEST FOR ENTRY OF DEFAULT; MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION OF THE COURT OVER THE PROPERTY UPON WHICH THE UNITED STATES SEEKS TO FORECLOSE ITS LIEN; MEMORANDUM OF POINTS AND AUTHORITIES

NOW COMES John Parks Trowbridge, Jr. in the above-captioned matter, respectfully and without attorney, to thank this Honorable Court for its observance of the enunciation of principles as stated in Haines *v.* Kerner, 404 U.S. 519, re the pleadings of those unschooled in law and the Court's construction of the prior submission by Defendant JOHN PARKS TROWBRIDGE, JR., (the "Defendant") in this case, and, pursuant to 28 USC § 3002(15)(A), the doctrine of *estoppel by matter of record*, the filings and evidence entered in the record of this case, and Rules 12(b)(1) and (2) of the Federal Rules of Civil Procedure, to move the Court to deny United States' Request for Entry of Default against Freedom Ventures UBO and dismiss the Complaint of the Plaintiff for lack of subject-matter jurisdiction of the Court.

In support of this Motion, Defendant would show the Court the attached Memorandum of Points and Authorities, made fully part hereof and included herein by reference as though set forth in full.

WHEREFORE, Defendant prays the Court:

1. That the cause of action of the Plaintiff be dismissed for lack of subject-matter jurisdiction over the property upon which the United States seeks to foreclose its lien;

2. That the cost of this action be taxed against the Plaintiff; and

3. For such other and further relief that the Court may deem just and fair.

DATE:   March 19, 2014

John Parks Trowbridge, Jr.
9816 Memorial Boulevard #205
Humble, Texas
(281) 540-2255

## MEMORANDUM OF POINTS AND AUTHORITIES

The court, in United States of America *v.* William M. Slater (D. Delaware) 545 F.Supp. 179, 182 (1982), stated, in pertinent part:

> Slater's protestations to the effect that he derives no benefit from the United States government have no bearing on his legal obligation to pay income taxes. Cook v. Tait, 265 U.S. 47, 44 S.Ct. 444, 68 L.Ed. 895 (1924); Benitez Rexach v. United States, 390 F.2d 631 (1st Cir.), cert. denied 393 U.S. 833, 89 S.Ct. 103, 21 L.Ed.2d 103 (1968). <u>Unless the defendant can establish that he is not a citizen of the United States, the IRS possesses authority to attempt to determine his federal tax liability</u>." [Emphasis added.]

Title 26 CFR provides, in pertinent part:

> § 1.1-1 Income tax on <u>individuals</u>.
> (a) *General rule.*
>     (1) Section 1 of the [Internal Revenue] Code imposes an income tax on the income of <u>every individual who is a citizen or resident of the United States</u> . . . [U/L emphasis added.]

Title 5 USC *Government Organization and Employees* § 552a *Records maintained on individuals*, provides, in pertinent part:

> (a) Definitions.—For purposes of this section— . . .
>     (1) the term "agency" means agency as defined in section 552(e) [*sic*] [¹] of this title;
>     (2) <u>the term "individual" means a citizen of the United States</u> or an alien lawfully admitted for permanent residence;
>     (3) the term "maintain" includes maintain, collect, use, or disseminate;
>     (4) <u>the term "record" means any item, collection, or grouping of information about an individual that is maintained by an agency</u>, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and <u>that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual</u>, such as a finger or voice print or a photograph; . . . [Emphasis added.]

Title 5 USC *Government Organization and Employees* § 552 *Public information; agency rules, opinions, orders, records, and proceedings* provides, in pertinent part:

---

[1] To the best of Defendant's knowledge, the definition of the term "agency" referenced in 5 USC § 552a(a)(1) "as defined in section 552(e) of this title," rather is found in section 552(f) thereof.

    (f) For purposes of this section, the term—
     (1) "agency" as defined in section 551(1) of this title includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency; and . . .

Wherefore, the (1) February 4, 2014, Conditional Acceptance and Demand for Proof by Defendant JOHN PARKS TROWBRIDGE, JR. (hereinafter the "Defendant), construed by the Court as Defendant's Answer to the instant lawsuit, and (2) Defendant's March 11, 2014, "Notice of Plaintiff's Failure to Demonstrate Personal Jurisdiction over Defendant or Subject-Matter Jurisdiction over the Property upon which the United States seeks to Foreclose its Lien," evidence of each of which is filed in the record of this case, establish that Defendant is neither a citizen or resident of the United States nor an individual nor one with a federal tax liability.

Plaintiff United States of America (the "Plaintiff"), in ¶ 4 of Plaintiff's Complaint, alleges, among other things, that "Defendant, John Parks Trowbridge, Jr., resides within the jurisdiction of this Court." Title 28 USC *Judiciary and Judicial Procedure* Chapter 176 *Federal Debt Collection Procedure* provides, in pertinent part of Subchapter A thereof:

    §3002. Definitions
    As used in this chapter: . . .
    (15) "United States" means—
     (A)  a Federal corporation; . . .
     (B)  an agency, department, commission, board, or other entity of the United States; or
     (C)  an instrumentality of the United States.

Because the meaning of the definition of the term "United States" in parts (B) and (C) of subsection (15) of 28 USC §3002 is ambiguous unless the definition in part (A) is applied, the controlling definition of "United States" in Chapter 176 *Federal Debt Collection Procedure* of Title 28 is §3002(15)(A) and the jurisdiction of the Court alleged by Plaintiff in ¶ 4 of the instant Complaint—which is an action to collect an alleged Federal debt—in matters pertaining to the

United States, extends only to *Federal corporations*, such as the ultimate parent Federal corporation, the District of Columbia.[2]

There is no evidence that Defendant is a citizen or resident of a Federal corporation and Plaintiff has failed to demonstrate that Defendant resides within the jurisdiction of the Court—despite Defendant's offer to discharge in full the debt alleged in this matter upon demonstration of the factualness of Plaintiff's express and implied jurisdictional claims.

Regarding the subject matter of the instant action: In ¶ 5 of Plaintiff's Complaint, Plaintiff names Freedom Ventures UBO ("Freedom Ventures") as a party to the instant action as required by 26 USC § 7403(b), because Freedom Ventures "has or may claim an interest in the property upon which the United States seeks to foreclose its lien"—not because of any alleged federal tax liability of Freedom Ventures.

Plaintiff alleges by implication in ¶¶ 15–18 of Plaintiff's Complaint that the contract between Defendant and Freedom Ventures by which ownership of the property upon which the United States seeks to foreclose its lien, namely the real property located at 25117 Ramrock Drive, Porter, Texas, and referred to therein and hereinafter as the "Porter property," is spurious and that, notwithstanding transfer of ownership of the Porter Property from Defendant to Freedom Ventures and registration thereof with the Montgomery County Clerk's Office, said transfer of property "should be set aside as void with respect to the United States" and "the federal tax liens against the defendant, John Parks Trowbridge, Jr., should be foreclosed upon the Porter property" and "the Porter property should be sold free and clear of all rights, titles, claims,

---

[2] "An Act to provide a Government for the District of Columbia," Ch. 62, Sec. 18, 16 Stat. 419, February 21, 1871; later legislated in "An Act Providing a Permanent Form of Government for the District of Columbia," Ch. 180, Sec. 1, 20 Stat. 102, June 11, 1878, to remain and continue as a municipal corporation (brought forward from the Act of 1871, as provided in the Act of March 2, 1877, amended and approved March 9, 1878, i.e., Sec. 2 of the *Revised Statutes of the United States Relating to the District of Columbia . . . 1873–'74*); as amended by the Act of June 28, 1935, 49 Stat. 430, ch. 332, Sec. 1 (Title 1, Section 102, District of Columbia Code (1940)).

and interests of the parties, and the proceeds of the sale should be distributed according to law" (in satisfaction of, or set-off against, Defendant's alleged federal tax liability).

"Estoppel by matter of record" is defined as:

> —Estoppel by matter of record. An estoppel founded upon matter of record ; as a confession or admission made in pleading in a court of record, which precludes the party from afterwards contesting the same fact in the same suit. Steph. Pl. 197. [*Black's Law Dictionary*, 2nd ed., s.v. "Estoppel"]

Wherefore, Plaintiff is estopped from denying that the Porter property is (1) the property of Defendant's, or (2) not the property of Freedom Ventures' by reason of the doctrine of *estoppel by matter of record.*

Whereas, there is no evidence in the record of this case that demonstrates that Defendant is one who (1) is a citizen or resident of the United States, (2) resides within the jurisdiction of the Court, or (3) has a federal tax liability, there can be no evidence of jurisdiction over Defendant's property, i.e., the Porter property, the subject matter of Plaintiff's Complaint.

Rules 12(b)(1) and (2) of Federal Rules of Civil Procedure authorize the Court to dismiss this case for lack of jurisdiction; *to wit:*

> (b)  How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
> (1) lack of subject-matter jurisdiction;
> (2) lack of personal jurisdiction;

WHEREFORE: Defendant respectfully moves the Court to dismiss the instant action for lack of subject-matter jurisdiction.

DATE:    March 19, 2014

_____
John Parks Trowbridge, Jr.

## CERTIFICATE OF SERVICE

I certify that on March 19, 2014, the foregoing **DEFENDANT'S OPPOSITION TO UNITED STATES' REQUEST FOR ENTRY OF DEFAULT; MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION OF THE COURT OVER THE PROPERTY UPON WHICH THE UNITED STATES SEEKS TO FORECLOSE ITS LIEN; MEMORANDUM OF POINTS AND AUTHORITIES**, was served via United States Mail, postage pre-paid, as follows:

Kenneth Magidson
United States Attorney
1000 Louisiana Street – Suite 2300
Houston, Texas 77002

Joshua Smeltzer
Department of Justice, Tax Division
717 N. Harwood, Suite 400
Dallas, Texas 75201

John Parks Trowbridge, Jr.