IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | CIVIL NO. 4:14-cv-0027 |
| JOHN PARKS TROWBRIDGE, JR., § | |
| FREEDOM VENTURES, UBO, and § | |
| MONTGOMERY COUNTY TAX OFFICE, § | |
| § | |
| Defendants. § | |

**UNITED STATES' MOTION FOR SUMMARY JUDGMENT
AND MEMORANDUM IN SUPPORT**

Pursuant to Fed. R. Civ. P. 56, plaintiff United States of America moves for summary judgment against defendant, John Parks Trowbridge, Jr. ("Trowbridge".) Based on the undisputed material facts, the United States is entitled to judgment as a matter of law and foreclosure of its liens against property subject to the liens.

## INTRODUCTION

After years of using frivolous arguments to stall, delay, and evade collection, Trowbridge's tax debt has reached **$3,326,015,** plus statutory additions. The time has come for Trowbridge to pay what he owes. The United States Tax Court has already ruled on the deficiencies owed by Trowbridge for the tax years at issue and certified transcripts of account indicating the current amounts owed are attached to this motion. The United States seeks judgment for amounts owed and to foreclose its tax liens against property held by Trowbridge and subject to the federal tax liens.

### STATEMENT OF MATERIAL FACTS

Defendant, John Parks Trowbridge, Jr., owes the United States the following amounts of unpaid federal income taxes, penalties, and interest:[1]

| Type of Tax | Tax Period | Assessment Date | Amount Due Through (April 7, 2014) |
|---|---|---|---|
| 1040 | 1993 | 1/20/2004 | $357,940.55 |
| 1040 | 1994 | 1/20/2004 | $491,487.70 |
| 1040 | 1995 | 1/20/2004 | $490,011.48 |
| 1040 | 1996 | 1/16/2004 | $1,319,436.18 |
| 1040 | 1997 | 1/16/2004 | $667,139.10 |
|  |  |  |  |
|  |  |  |  |
|  |  | **TOTAL:** | **$3,326,015.01** |

Assessments were made following adjudication of the tax deficiencies against Trowbridge by the U.S. Tax Court.[2] Defendant, John Parks Trowbridge, Jr., was given notice and demand was made for payment of the unpaid taxes on or about the assessment dates listed above. As of April 7, 2014, defendant, John Parks Trowbridge, Jr., owes the United States **$3,326,015** for federal income taxes, penalties, and interest accrued for the 1993, 1994, 1995, 1996, and 1997 tax years. Defendant, John Parks Trowbridge, Jr., further owes all interest and statutory additions that accrue from April 7, 2014, until his tax liabilities are paid.

On April 25, 2005, David Powers Homes S.T. LTD transferred by warranty deed the real property located at 25117 Ramrock Drive, Porter, Texas ("Porter property") to

---

[1] Attached as Government Exhibit B-1, B-2, B-3, B-4, and B-5 are the certified transcripts of account for the 1993,1994, 1995, 1996, and 1997 tax years.

[2] Copies of the Tax Court Memorandum Opinions finding deficiencies for the tax years 1993, 1994, 1996, and 1997 are attached as Government Exhibits C-1 and C-2.

defendant, John Parks Trowbridge, Jr., said property being more specifically described as follows: [3]

> Lot Sixteen (16), Block One (1), of Bentwood, Section One (1), a Subdivision of 156.8 Acres of Land, Out of the William Massey Survey, A-391, and the Mary Owens Survey, A-405, in Montgomery County, Texas, as Imposed by the Map and Dedication Records in Cabinet G, Sheets 138A through 141A of the Map Records of Montgomery County, Texas.

On or about May 2, 2005, the warranty deed was recorded and, on that same date, a deed of trust in the amount of $299,768 with DPH Mortgage, Ltd., was recorded.[4]

The United States recorded notices of its tax lien securing the above liabilities in the real property records of Montgomery County, Texas, on or about July 7, 2011, and October 2, 2012, for the tax periods listed above.[5]

On or about October 25, 2012, a Real Property Bill of Exchange Contract and Agreement between defendants, John Parks Trowbridge, Jr., and Freedom Ventures, UBO, was filed with the Montgomery County Clerk's Office.[6] The contract purported to transfer the Porter Property from defendant, John Parks Trowbridge, Jr., to defendant, Freedom Ventures, UBO; however, the transfer was done after the tax assessments were made and after the notices of federal tax liens were filed.[7]

---

[3] A true and correct copy of the Warranty Deed and Deed of Trust are attached as Government Exhibit D.
[4] Gov. Ex. D.
[5] Copies of the Notices of Federal Tax Lien are attached as Government Ex. A.
[6] A true and correct copy of the Real Property Bill of Exchange Contract and Agreement is attached as Government Exhibit E.
[7] *Compare* Gov. Ex. A (Notice of Federal Tax Liens) *with* Gov. Ex. E (Bill of Exchange Contract and Agreement).

**ARGUMENT**

**I.**

**JOHN PARKS TROWBRIDGE, JR. IS CURRENTLY INDEBTED TO THE UNITED STATES FOR OUTSTANDING INCOME TAX LIABILITIES**

An assessment of tax by the Internal Revenue Service ("Service") is presumptively correct.[8] John Parks Trowbridge, Jr., was assessed for unpaid income tax liabilities for the income tax years and is indebted to the United States in the amount of **$3,326,015,** for the 1993 and 1997 income tax years, plus statutory additions accruing from until paid. If tax liabilities are not paid on or before the statutory date for payment[9] then interest accrues on the underpayment from the due date until paid.[10] Similarly, interest accrues with respect to assessed, but unpaid, penalties, additional amounts, or additions to tax.[11]

The tax deficiencies were also adjudicated by the Tax Court in a prior proceeding. Trowbridge's tax deficiencies for the 1991, 1992, 1993, 1994, and 1995 tax years were adjudicated by the Tax Court and he was found liable for those tax amounts.[12] This decision also included liability for certain additions and a $25,000 sanction penalty because the Tax Court found that "[i]t is clear to us that Dr.

---

[8] *E.g., Affiliated Foods, Inc. v. Commissioner*, 154 F.3d 527, 530 (5th Cir. 1998).
[9] Penalties, additional amounts, or additions to tax are treated as taxes and are, therefore, also entitled to the presumption of correctness. *See* 26 U.S.C. §6665(a)(2); *Affiliated Foods*, 154 F.3d at 530.
[10] 26 U.S.C. §6601(a); *See Bob Hamric Chevrolet, Inc. v. USA, Internal Revenue Service*, 849 F. Supp. 500, 515 (W.D. Tex. 1994).
[11] 26 U.S.C. §6601(e)(2).
[12] *See* Gov. Ex. C-1 at 3, 16.

Trowbridge took the lead in the sanctionable activity here."[13] A similar decision was entered by the Tax Court for the 1996 and 1997 tax years.[14]

Therefore, the United States is entitled, as a matter of law, to judgment against John Parks Trowbridge, Jr., in the amount of **$3,326,015,** plus statutory additions accruing from April 7, 2014, until paid.

## II.

### THE FEDERAL TAX LIENS AGAINST JOHN PARKS TROWBRIDGE, JR., SHOULD BE FORECLOSED AGAINST INTEREST IN REAL PROPERTY

Plaintiff, United States of America, has valid and subsisting federal tax liens on all property and rights to property belonging to the defendant, John Parks Trowbridge, Jr., including his interest in the Porter Property. Pursuant to 26 U.S.C. §6321, a lien in favor of the United States arises upon all property and rights to property, then owned or acquired thereafter, when a person neglects or refuses to pay tax liabilities owed.[15] The liens arose as of the dates of the assessments of the tax liabilities.[16] The amounts owed, as discussed above, were previously adjudicated by the Tax Court.[17]

On April 25, 2005, Trowbridge purchased real property located at 25117 Ramrock Drive, Porter, Texas ("Porter property") from David Powers Homes S.T. LTD and on or about May 2, 2005, the warranty deed and deed of trust were recorded.[18] Upon

---

[13] Gov. Ex. C-1 at 27.
[14] *See* Gov. Ex. C-2 at 3, 15, 27-28.
[15] 26 U.S.C. §6321.
[16] 26 U.S.C. §6322.
[17] *See* Gov. Exs. C-1, C-2.
[18] Gov. Ex. D.

assessment, the federal tax liens attached to the Porter Property.[19] The United States then recorded its notices of liens on or about July 7, 2011, and October 2, 2012.[20] By the time Trowbridge attempted to transfer the Porter Property to a self-controlled trust (i.e. Freedom Ventures UBO) on October 25, 2012,[21] the tax liens are already attached to that property.[22] Any transfer to the trust, regardless of validity, was done subject to the tax liens already attached and recorded.[23]

The Montgomery County Tax Office has filed a claim for any outstanding *ad valorem* taxes owed on the property, which are listed as "[t]o be determined."[24] To the extent that *ad valorem* taxes are owed, the United States admits that they have priority over the federal tax liens pursuant to 26 U.S.C. §6323(b)(6).

Pursuant to 26 U.S.C. §7403, the United States may enforce its tax liens by foreclosing upon and selling the Porter Property and the Court may order the foreclosure and sale of the property to satisfy the outstanding tax liabilities.[25] Therefore, the federal tax liens against Trowbridge should be foreclosed against the Porter Property and the property should be sold.

---

[19] *See* 26 U.S.C. §§ 6321, 6322.
[20] Gov. Ex. A.
[21] Gov. Ex. E.
[22] Gov. Ex. A.
[23] *See United States v. Cache Valley*, 866 F.2d 1242, 1245 (10th Cir. 1989) (citing *United States v. Bess*, 357 U.S. 51, 57 (1958) for the proposition that a transfer "does not affect the lien because no matter into whose hands the property goes, the property passes *cum onere*, or with the lien attached.")
[24] (Dkt. #10.)
[25] *See* 26 U.S.C. §7403.

## CONCLUSION

For the foregoing reasons, and based on the undisputed material facts, the United States is entitled to a judgment against Trowbridge for **$3,326,015,** plus statutory additions after April 7, 2014.  The United States has valid and subsisting liens against the Porter Property and that property should be foreclosed and sold.


DATE: April 4, 2014					KENNETH MAGIDSON
							United States Attorney

							/s/ Joshua D. Smeltzer
							JOSHUA D. SMELTZER
							Attorney-in-Charge
							State Bar (Maryland)
							Trial Attorney, Tax Division
							U.S. Department of Justice
							717 N. Harwood, Suite 400
							Dallas, Texas 75201
							(214) 880-9735
							(214) 880-9741 (Fax)
							Joshua.D.Smeltzer@usdoj.gov

							ATTORNEY FOR THE UNITED STATES

## CERTIFICATE OF SERVICE

I certify that on April 4, 2014, the foregoing UNITED STATES' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT, with accompanying proposed order, was served via ECF Filing and/or United States Mail, postage pre-paid, as follows:

John Parks Trowbridge, Jr.
25117 Ramrock Dr.
Porter, TX 77365

John Parks Trowbridge, Jr., Trustee
Freedom Ventures, UBO
25117 Ramrock Dr.
Porter, TX 77365

Lori Gruver
Linebarger Goggan, et al.
PO Box 17428, Suite 400
Austin, TX 78760

/s/ Joshua D. Smeltzer
JOSHUA D. SMELTZER