IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

MAY 06 2014

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CIVIL NO. 4:14-cv-0027 |
| JOHN PARKS TROWBRIDGE, JR., | § | |
| FREEDOM VENTURES UBO, and | § | |
| MONTGOMERY COUNTY TAX OFFICE, | § | |
| | § | |
| Defendants. | § | |

### DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION; MEMORANDUM IN SUPPORT

NOW COMES John Parks Trowbridge, Jr. in the above-captioned matter, respectfully and without attorney, to request that this Honorable Court take judicial notice of the enunciation of principles as stated in *Haines v. Kerner*, 404 U.S. 519, wherein the court directed that the pleadings of those unschooled in law, such as Defendant JOHN PARKS TROWBRIDGE, JR. (hereinafter the "Defendant"), shall be held to less stringent standards than formal pleadings drafted by lawyers and, pursuant to certain provisions of the United States Code and Code of Federal Regulations, opinions of the Supreme Court of the United States and decisions of inferior courts of the United States, the filings and evidence entered in the record of this case, and Rules 12(b)(1) and (h)(3) of the Federal Rules of Civil Procedure, to move the Court to grant Defendant's Motion to Dismiss, and dismiss, with prejudice, the Complaint of the Plaintiff for lack of subject-matter jurisdiction.

In support of this Motion, Defendant would show the Court the attached Memorandum, made fully part hereof and included herein by reference as though set forth in full.

WHEREFORE, Defendant prays the Court:

1. That the Court grant Defendant's Motion to Dismiss and dismiss, with prejudice, the Complaint of the Plaintiff for lack of subject-matter jurisdiction;

2. That the cost of this action be taxed against the Plaintiff; and

3. For such other and further relief that the Court may deem just and fair.

DATE:     May 6, 2014

*/s/ John Parks Trowbridge, Jr.*
John Parks Trowbridge, Jr.
9816 Memorial Boulevard #205
Humble, Texas
(281) 540-2255

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Title 26 C.F.R. provides, in pertinent part:

> § 1.1-1 Income tax on individuals.
> (a) *General rule.*
> (1) Section 1 of the Code imposes an income tax on the income of every individual who is a citizen or resident of the United States and, to the extent provided by section 871(b) or 877(b), on the income of a nonresident alien individual. . . .

Title 26 U.S.C. *Internal Revenue Code* provides, in pertinent part:

> § 871 - Tax on nonresident alien individuals . . .
> (b) Income connected with United States business—graduated rate of tax
> (1) Imposition of tax
> A nonresident alien individual engaged in trade or business within the United States during the taxable year shall be taxable as provided in section 1 or 55 on his taxable income which is effectively connected with the conduct of a trade or business within the United States.
> (2) Determination of taxable income
> In determining taxable income for purposes of paragraph (1), gross income includes only gross income which is effectively connected with the conduct of a trade or business within the United States.
>
> § 877 - Expatriation to avoid tax
> (a) Treatment of expatriates
> (1) In general
> Every nonresident alien individual to whom this section applies . . .
> (2) Individuals subject to this section . . .
> (b) Alternative tax
> A nonresident alien individual described in subsection (a) shall be taxable . . .

Title 5 U.S.C. *Government Organization and Employees* provides, in pertinent part:

> § 552a - Records maintained on individuals
> (a) Definitions.—For purposes of this section— . . .
> (2) the term "individual" means a citizen of the United States or an alien lawfully admitted for permanent residence; . . .

Wherefore: <u>Only *individuals*</u>—whether a (1) citizen or resident of the United States, (2) nonresident alien engaged in trade or business within the United States, or (3) alien lawfully admitted for permanent residence in the United States—<u>are liable to income tax</u>.

As shown in Defendant's May 29, 2014, Amended Motion to Dismiss, Docket # 28:

- In pages 34–36 of the Memorandum appended thereto, the Internal Revenue Code-term "United States" when used in a geographical sense means the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, Guam, American Samoa, and the Commonwealth of the Northern Mariana Islands and no other thing; and

- In pages 39–40 of said Memorandum, the Title 28 U.S.C. Chapter 176-term "United States," upon which the Court depends for subject-matter and personal jurisdiction to collect federal debt, such as the federal debt alleged by Counsel for United States in the Complaint of Plaintiff United States of America, means the District of Columbia municipal corporation (or any agency, department, commission, board, instrumentality, or other entity of said municipal corporation).

- **<u>Wherefore, the only (1) citizens or residents of, (2) non-resident aliens engaged in Trade or Business within, or (3) aliens lawfully admitted for permanent residence in the geographical United States, over whom the Court is authorized by Congress to exercise jurisdiction in the collection of alleged Federal debt under Title 28 U.S.C., are those who reside in that certain section of Territory occupied by the District of Columbia.</u>**

NO NEXUS OF ANY KIND BETWEEN DEFENDANT AND DISTRICT OF COLUMBIA

Evidence in the record of this cause in Defendant's Affidavit in Support of Amended Motion to Dismiss, Docket # 28, made fully part hereof and included herein by reference as though set forth in full, establishes that (1) Defendant was neither born nor wholly brought into

separate existence within the exterior limits of that certain section of territory occupied by the District of Columbia, nor (2) did Defendant, at any point in time, of Defendant's own free will:

- Establish personal presence in true, fixed, and permanent home, habitation, and principal abode, with domiciliary intent, within the exterior limits of that certain section of territory occupied by the District of Columbia;

- Abandon Defendant's domicil of origin and exclusive country of domicil in that certain *republic* (hereinafter the "American Union") created and established by way of confederation of those certain component commonwealths united by and under authority of that certain Constitution (hereinafter the "Constitution") ordained, established, and implemented March 4, 1789, Independence Hall, Philadelphia, Pennsylvania, and adopt the political and municipal status involved by permanent residence of choice, with domiciliary intent, in that certain section of territory occupied by the District of Columbia;

- Renounce birthright in Defendant's domicil of origin, the American Union;

- Engage in trade or business within the exterior limits of that certain section of territory occupied by the District of Columbia;

- Realize gains, profits, or income effectively connected with the conduct of a trade or business within the exterior limits of that certain section of territory occupied by the District of Columbia;

- Choose, of Affiant's own free will, to establish and establish, as the center of Affiant's legal relations and business, Affiant's true, fixed, and permanent home, habitation, and principal abode within the exterior limits of that certain section of territory occupied by the District of Columbia;

- Establish Affiant's domicil of choice in the District of Columbia;

- Pledge allegiance to the District of Columbia;

- Become a citizen or resident of the District of Columbia;

- Become a citizen or employee of the Government of the District of Columbia; or

- Travel into that certain section of territory occupied by the District of Columbia and enter into a contract with the Government of the District of Columbia.

COUNSEL FOR UNITED STATES IGNORES ALL OF DEFENDANT'S CHALLENGES OF JURISDICTION

Defendant first challenges jurisdiction in Defendant's Answer to the Complaint of Plaintiff United States of America, Docket # 13, served on Counsel for United States as of February 5, 2014, via offer to discharge in full the federal tax liability alleged by Counsel for United States upon Counsel for United States' production of evidence that Defendant is a citizen or resident of the United States—whereupon Counsel for United States stands mute.

Defendant challenges jurisdiction a second time in Defendant's Motion to Dismiss of March 19, 2014, Docket # 18, to which Counsel for United States offers undisputed *immaterial* facts that do not aid the matter in question (subject-matter jurisdiction).

Defendant challenges jurisdiction again in Defendant's Motion to Dismiss of April 23, 2014, Docket # 25, and a fourth time in Defendant's Amended Motion to Dismiss of April 29, 2014, Docket # 28, to neither of which is Defendant in receipt of responsive reply.

DEFENDANT ENTITLED TO DISMISSAL FOR LACK OF JURISDICTION AS A MATTER OF LAW

Re challenge of jurisdiction, blackletter law provides, in pertinent part:

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, see *Willy* v. *Coastal Corp.,* 503 U. S. 131, 136–137 (1992); *Bender* v. *Williamsport Area School Dist.*, 475 U. S. 534, 541 (1986), which is not to be expanded by judicial decree, *American Fire & Casualty Co.* v. *Finn,* 341 U. S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *Turner* v. *Bank of North-America,* 4 Dall. 8, 11 (1799), and

the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt* v. *General Motors Acceptance Corp.*, 298 U. S. 178, 182–183 (1936). [*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)]

"When questions of jurisdiction have been passed on in prior decisions sub silentio, this Court has never considered itself bound when a subsequent case finally brings the jurisdictional issue before us." Hagans v. Lavine, 528, 535, n. 5, 94 S.Ct. 1372, 1378, n. 5, 39 L.Ed.2d 577 (1974); see Monell v. New York City Dept. of Social Services, 436 U.S., at 663, 98 S.Ct., at 2022; United States v. More, 3 Cranch 159, 172, 2 L.Ed. 397 (1805). [*Maine v. Thiboutot*, 100 S. Ct. 2502, 65 L.Ed.2d 555 (1980)]

When it clearly appears that the court lacks jurisdiction, the court has no authority to reach the merits. In such a situation the action should be dismissed for want of jurisdiction. [*Melo v. U.S.*, 505 F2d 1026 (1974)]

That the proponent of jurisdiction bears the risk of non-persuasion is well established. See, e.g., *In re Brand Name Prescription Drugs Antitrust Litigation*, 123 F.3d 599, 607 (7th Cir.1997); *Smith v. American General Life & Accident Insurance Co.*, 337 F.3d 888, 892 (7th Cir.2003). Whichever side chooses federal court must establish jurisdiction; it is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction. See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). [*Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005).]

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that 'whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.' A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. *Bradbury v. Dennis*, 310 F.2d 73 (10th Cir. 1962), cert. denied, 372 U.S. 928, 83 S.Ct. 874, 9 L.Ed.2d 733 (1963). The party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist, *Wilshire Oil Co. of Texas v. Riffe*, 409 F.2d 1277 (10th Cir. 1969), but, since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence. *City of Lawton, Okla. v. Chapman*, 257 F.2d 601 (10th Cir. 1958). Thus, the party invoking the federal court's jurisdiction bears the burden of proof. *Becker v. Angle*, 165 F.2d 140 (10th cir. 1947)....

 We are mindful that it appears unjust to allow a defendant to make an attack on jurisdictional grounds after final judgment has been entered, but an opposite result would unlawfully expand the jurisdiction of the federal courts by judicial interpretation. This cannot be done. *American Fire and Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). [*Basso v. Utah Power & Light Co.*, 495 F.2d 906 (1974)]

Where there is no jurisdiction over the subject matter, there is, as well, no discretion to ignore that lack of jurisdiction. See F.R.Civ.P. 12(h)(3) . . . [*Joyce v. U.S.* 474 F.2d 215]

Only Congress may determine a lower federal court's subject-matter jurisdiction. U.S. Const., Art. III, §1. [*Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)]

In general, of course, the party invoking federal jurisdiction bears the burden of demonstrating its existence, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); *American Bankers Life Assur. Co. of Florida v. Evans*, 319 F.3d 907, 909 (7th Cir.2003); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 373-74 (7th Cir.1993). Federal courts are courts of limited jurisdiction: "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (internal quotations omitted). [*Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006)]

A federal court has subject matter jurisdiction over a cause of action only when it "has authority to adjudicate the cause" pressed in the complaint. *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 127 S. Ct. 1184, 1188, 167 L. Ed. 2d 15 (2007). Determining the existence of subject matter jurisdiction is a threshold inquiry, *see id.*, and a claim is "properly dismissed for lack of subject matter jurisdiction under *Rule 12(b)(1)* when the district court lacks the statutory or constitutional power to adjudicate it," *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). When jurisdiction is challenged, the plaintiff "bears the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists," *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) (internal quotation marks omitted); see also *Aurecchione v. Schoolman Transp. Sys.*, 426 F.3d 635, 639 (2d Cir. 2005), and the district court may examine evidence outside of the pleadings to make this determination, see *Makarova*, 201 F.3d at 113. Accordingly, "'[j]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Potter*, 343 F.3d at 623 (quoting *Shipping Fin. Servs. Corp v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)). . . . [*Arar v. Ashcroft*, 585 F.3d 559 (2009)]

CONCLUSION

*Whereas:* Beginning February 5, 2014, and continuing to the present day, despite multiple challenges thereof and reasonable opportunity to respond, Counsel for United States effectively stands mute re challenge of subject-matter jurisdiction over the property of the Defendant upon which United States seeks to foreclose its liens; and

*Whereas:* There is no evidence in the record of this cause that Defendant is a (1) citizen or resident of the United States, (2) nonresident alien engaged in trade or business within the United States, or (3) alien lawfully admitted for permanent residence in the United States; and

*Whereas:* There is no evidence in the record of this cause that Defendant is an *individual*, as "individual" is defined in 5 U.S.C. § 552a(a)(2) or identified in 26 C.F.R. § 1.1-1(a)(1); and

*Whereas:* There is no evidence in the record of this cause that Defendant resides within the jurisdiction of the Court; and

*Whereas:* There is no evidence in the record of this cause that Defendant's property is of the object of Title 26 U.S.C.; and

*Whereas:* There is no evidence in the record of this cause that the Court has subject-matter jurisdiction over the property of the Defendant upon which United States seeks to foreclose its liens; and

*Whereas:* Plain, adequate, and complete remedy may be had at law; and

*Whereas:* Rules 12(b)(1) and (h)(3) of the Federal Rules of Civil Procedure authorize the Court to dismiss the Complaint of Plaintiff United States of America for lack of subject-matter jurisdiction; *to wit:*

> Rule 12 . . .
> (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
> (1) lack of subject-matter jurisdiction; . . .
> (h) Waiving and Preserving Certain Defenses. . . .
> (3) *Lack of Subject-Matter Jurisdiction.* If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

*Wherefore:* Defendant hereby asserts the defense of lack of subject-matter jurisdiction and respectfully moves the Court to grant Defendant's Motion to Dismiss; and dismiss, with

prejudice, the Complaint of Plaintiff United States of America for lack of subject-matter jurisdiction as authorized by law.

DATE:     May 6, 2014

_____
John Parks Trowbridge, Jr.

## CERTIFICATE OF SERVICE

I certify that on May 6, 2014, the foregoing **DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION; MEMORANDUM IN SUPPORT** was served via United States Mail, postage pre-paid, as follows:

Kenneth Magidson
United States Attorney
1000 Louisiana Street – Suite 2300
Houston, Texas 77002

Joshua Smeltzer
Department of Justice, Tax Division
717 N. Harwood, Suite 400
Dallas, Texas 75201

/s/ John Parks Trowbridge, Jr.
John Parks Trowbridge, Jr.