United States District Court
Southern District of Texas
FILED

MAY 07 2014

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CIVIL NO. 4:14-cv-0027 |
| JOHN PARKS TROWBRIDGE, JR., | § | |
| FREEDOM VENTURES UBO, and | § | |
| MONTGOMERY COUNTY TAX OFFICE, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT'S OBJECTION TO THE PROSECUTION OF THIS CASE IN A NAME OTHER THAN THAT OF REAL PARTY IN INTEREST AND, FAILING REAL PARTY IN INTEREST'S RATIFICATION, JOINDER, OR SUBSTITUTION INTO THE INSTANT ACTION WITHIN A REASONABLE TIME, MOTION TO DISMISS FOR WANT OF JURISDICTION, AS PROVIDED BY LAW; MEMORANDUM IN SUPPORT**

NOW COMES John Parks Trowbridge, Jr. in the above-captioned matter, respectfully and without attorney,[1] to request that this Honorable Court take judicial notice of the enunciation of principles as stated in *Haines v. Kerner*, 404 U.S. 519, wherein the court directed that the pleadings of those unschooled in law, such as Defendant JOHN PARKS TROWBRIDGE, JR. (hereinafter the "Defendant"), shall be held to less stringent standards than formal pleadings drafted by lawyers and, pursuant to certain certifications and attestations by the Attorney for the United States and United States Attorney; Article 1 § 8(17) of that certain Constitution ordained, established, and implemented March 4, 1789, Independence Hall, Philadelphia, Pennsylvania; Section 2 of the *Revised Statutes of the United States Relating to the District of Columbia . . . 1873–'74*; Rule 17(a)(3) of the Federal Rules of Civil Procedure; Title 28 U.S.C. §§ 1345, 1359, and 1919, and the filings and evidence entered in the record of this case.

---

[1] "An Act to Establish the Judicial Courts of the United States," ch. 20, sec. 35, 1 Stat. 73, 92, September 24, 1789.

In support of this Motion, Defendant would show the Court the attached Memorandum, made fully part hereof and included herein by reference as though set forth in full.

WHEREFORE, conditioned upon real party of interest's failure to ratify, join, or be substituted into the instant action within a reasonable time, Defendant prays the Court:

1. That the Court grant Defendant's Motion to Dismiss and dismiss the said action for want of jurisdiction of the Court, as provided by law;

2. That the cost of this action be taxed against the Plaintiff;

3. That the Court order payment of just costs to Defendant; and

4. For such other and further relief that the Court may deem just and fair.

DATE:    May 7, 2014

*/s/ John Parks Trowbridge, Jr.*
John Parks Trowbridge, Jr.
9816 Memorial Boulevard #205
Humble, Texas
(281) 540-2255

## MEMORANDUM IN SUPPORT

"United States' Certificate of Interested Parties" (Docket # 2) in the instant cause, authenticated by Attorney for the United States Kenneth Magidson January 7, 2014, provides:

> Plaintiff, United States of America, certifies to the Court that the following are, or may be, financially interested in the outcome of this litigation:
> 1. UNITED STATES OF AMERICA, through its agency, the INTERNAL REVENUE SERVICE.
> 2. JOHN PARKS TROWBRIDGE, JR.
> 3. FREEDOM VENTURES, UBO.
> 4. MONTGOMERY COUNTY TAX OFFICE.

United States Attorney Betty H. Richardson's "United States' Answer and Claim," *Diversified Metal Products, Inc. v. T-Bow Company Trust, Internal Revenue Service, and Steve Morgan*, 93-405-E-EJL, USDC D. Idaho, November 18, 1993, pp. 1–2, provides, in pertinent part:

> The United States of America, through undersigned counsel [*sic*] hereby responds to the numbered paragraphs of plaintiff's complaint as follows: . . .
> 4. Denies that the Internal Revenue Service is an agency of the United States Government . . .

As certified by Attorney for the United States Kenneth Magidson and attested by United States Attorney Betty H. Richardson, respectively, the Internal Revenue Service *is an agency* of the United States of America, and *not an agency* of the United States Government.

In a governmental sense (1) there is no substantial difference between "United States" and "United States Government," and (2) "United States" means the District of Columbia; *to wit:*

> The Congress shall have Power . . . To exercise exclusive Legislation . . . over such District . . . as may . . . become the Seat of the Government of the United States . . .[2]

> The District is created a government by the name of the "District of Columbia" . .[3]

---

[2] That certain Constitution ordained, established, and implemented March 4, 1789, Independence Hall, Philadelphia, Pennsylvania, Article 1 § 8(17) thereof.
[3] *Revised Statutes of the United States Relating to the District of Columbia . . . 1873–'74* § 2, p. 2.

Wherefore, in a governmental sense the Internal Revenue Service *is an agency* of the United States of America, but *not an agency* of the United States.

**Wherefore: (1) It is a legal impossibility that the *United States* and the *United States of America* are the same governmental entity; and (2) strictly legally speaking, it is incontrovertible that the United States and the United States of America are discrete governmental entities.**

Furthermore, per Attorney for the United States Kenneth Magidson's certification of interested parties (*supra*, p. 3), the United States is not a party to the instant action.

The instant Complaint alleges, among other things:

> The Court has jurisdiction over this action pursuant to 26 U.S.C. § 7402 and 7403and [*sic*] 28 U.S.C. §§ 1340 and 1345.

Title 28 U.S.C. § 1345 *United States as plaintiff* provides:

> Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.

Wherefore:

1. The alleged Complaint in the instant action provides no evidence that the United States of America is an agency or officer of the United States expressly authorized to sue by Act of Congress;

2. Attorney for the United States Kenneth Magidson's citation of authority in the alleged instant Complaint is devoid of provision of authority for United States of America to commence a civil action in district court;

3. The alleged Complaint in the instant cause is devoid of provision of authority for Attorney for the United States Kenneth Magidson to commence, in a representative capacity, a lawsuit in the name of the United States of America in district court; and

4. Per Attorney for the United States Kenneth Magidson's "United States' Certificate of Interested Parties" (Docket # 2), the United States is not a party to the instant action. Notwithstanding that Attorney for the United States Kenneth Magidson has not certified the United States as a party to this action, the United States, as represented by Attorney for the United States Kenneth Magidson, nevertheless acts as author of, or movant in, the following instruments filed in the record of the instant cause but docketed as authenticated by the United States of America in Docket #s 2, 14, 19, and 22; *to wit, respectively:*

- "United States' Certificate of Interested Parties";
- "United States' Request for Entry of Default";
- "United States' Motion for Summary Judgment"; and
- "United States' Opposition to Motion to Dismiss,"

Rule 17(a)(3) of the Federal Rules of Civil Procedure provides:

> *Joinder of the Real Party in Interest.* The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

In the event real party in interest in the instant cause is not United States of America but prosecuting the same in the name of United States of America, Defendant JOHN PARKS TROWBRIDGE, JR. (<u>the "Defendant"</u>) hereby lodges formal objection thereto and requires that real party in interest ratify, join, or be substituted into the action within a reasonable time, subject to dismissal thereof for failure to prosecute in name of real party in interest.

Title 28 U.S.C. §1359 *Parties collusively joined or made* provides:

> A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court.

Wherefore, the facts of the matter allow for only one of two possible scenarios; either:

1. The real party in interest is prosecuting the instant cause in the name of the United States of America, in which case real party in interest shall ratify, join, or be substituted into the action within a reasonable time or face dismissal of the instant action, as authorized by law, for failure to prosecute in name of real party in interest;

2. The real party in interest is the United States of America and the United States, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of the Court in the instant civil action, in which case the Court shall not have jurisdiction (28 U.S.C. § 1359).

Title 28 U.S.C. § 1919. *Dismissal for lack of jurisdiction* provides:

> Whenever any action or suit is dismissed in any district court, the Court of International Trade, or the Court of Federal Claims for want of jurisdiction, such court may order the payment of just costs.

Wherefore, should real party in interest fail to ratify, join, or be substituted into the instant action within a reasonable time, any such failure operates to establish that the United States, by assignment or otherwise, shall have been improperly or collusively made or joined to the instant civil action, as evinced by, among other things, Docket #s 2, 14, 19, and 22 of the record of the instant cause, to invoke the jurisdiction of the Court, whereupon such eventuality, Defendant hereby respectfully moves the Court to dismiss the Complaint of alleged plaintiff United States of America in accordance with the provisions of 28 U.S.C. § 1359, for want of jurisdiction, and order payment of just costs to Defendant.

DATE:   May 7, 2014

/s/ John Parks Trowbridge Jr.
John Parks Trowbridge, Jr.
9816 Memorial Boulevard #205
Humble, Texas
(281) 540-2255

## CERTIFICATE OF SERVICE

I certify that on May 7, 2014, the foregoing **DEFENDANT'S OBJECTION TO THE PROSECUTION OF THIS CASE IN A NAME OTHER THAN THAT OF REAL PARTY IN INTEREST AND, FAILING REAL PARTY IN INTEREST'S RATIFICATION, JOINDER, OR SUBSTITUTION INTO THE INSTANT ACTION WITHIN A REASONABLE TIME, MOTION TO DISMISS FOR WANT OF JURISDICTION, AS PROVIDED BY LAW; MEMORANDUM IN SUPPORT** was served via United States Mail, postage pre-paid, as follows:

Kenneth Magidson
United States Attorney
1000 Louisiana Street – Suite 2300
Houston, Texas 77002

Joshua Smeltzer
Department of Justice, Tax Division
717 N. Harwood, Suite 400
Dallas, Texas 75201

/s/ John Parks Trowbridge, Jr.
John Parks Trowbridge, Jr.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | CIVIL NO. 4:14-cv-0027 |
| JOHN PARKS TROWBRIDGE, JR., § | |
| FREEDOM VENTURES UBO, and § | |
| MONTGOMERY COUNTY TAX OFFICE, § | |
| § | |
| Defendants. § | |

**ORDER**

The Court, having considered the DEFENDANT'S OBJECTION TO THE PROSECUTION OF THIS CASE IN A NAME OTHER THAN THAT OF REAL PARTY IN INTEREST AND, FAILING REAL PARTY IN INTEREST'S RATIFICATION, JOINDER, OR SUBSTITUTION INTO THE INSTANT ACTION WITHIN A REASONABLE TIME, MOTION TO DISMISS FOR WANT OF JURISDICTION, AS PROVIDED BY LAW; MEMORANDUM IN SUPPORT, it is hereby ORDERED that:

1. Defendant John Parks Trowbridge, Jr.'s motion is GRANTED;

2. The Complaint of Plaintiff United States of America is DISMISSED for want of jurisdiction; and

3. The cost of this action is taxed against Plaintiff United States of America; and

4. It is hereby ORDERED that Plaintiff United States of America tender to Defendant John Parks Trowbridge, Jr., payment of just costs for defending this action.

SIGNED this _____ day of _____ 2014.

_____
UNITED STATES DISTRICT JUDGE